FILED
United States Court of Appeals
Tenth Circuit

December 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD LEE BILLEY,

        Petitioner - Appellant,

v.

JUSTIN JONES,

        Respondent - Appellee.

No. 13-6153
(D.C. No. 5:12-CV-00354-M)
(W.D. Okla.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Petitioner and pro se appellant, Edward Lee Billey, a state prisoner within

the Oklahoma Department of Corrections, seeks a certificate of appealability

("COA") to enable him to appeal the denial of his petition under 28 U.S.C.

§ 2241. His petition challenged prison disciplinary convictions which resulted in

the loss of good time credits. Concluding that Mr. Billey has not met the

requirements for issuance of a COA, we deny him a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In May 2011, prison guards found Mr. Billey in possession of three items of contraband: a $100 bill, THC (the active ingredient in marijuana), and tobacco. He was charged separately for each item and given notice, a hearing, an opportunity to be heard and present evidence at the hearing, and a statement of the evidence against him. On the evidence presented, Mr. Billey was found guilty of each charge and sanctioned with a loss of 60 earned credits for the $100 bill and a $5.00 fine was imposed for possessing the tobacco. For possessing the THC, he lost 365 earned credits, was given 30 days in segregation, and was demoted to level 1 for 90 days.

Subsequently, Mr. Billey filed the instant petition seeking to have the THC and tobacco convictions expunged. See Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987) (§ 2241 habeas petition is appropriate means by which to restore good-time credits).[1] His petition raises two arguments. First, he argues that since the contraband in question all related to a single encounter in the visiting room, prison authorities were prohibited by Department of Corrections policy from charging three separate infractions of the rules, and that doing so constituted

---

[1] In the face of an assertion that Mr. Billey failed to object to the Second Report and Recommendation of the magistrate judge, thus waiving the right to appellate review, our court directed Mr. Billey to file a memorandum brief addressing the issue. Based on Mr. Billey's submissions, including a reference to the district court docket showing that the Report and Recommendation was not served on him, we apply the "interests of justice" exception to the waiver rule and elect to address this appeal. See, e.g., Tesoro v. Colorado, No. 97-1048, 1997 WL 787173 (10th Cir. Dec. 23, 1997) (unpublished).

impermissible "stacking" in violation of the Due Process clause.  Second, he argues in his petition that there was insufficient evidence to support his conviction for possessing THC, in violation of his procedural due process rights.

The latter contention, relating to Mr. Billey's procedural due process rights, was dismissed by the district court, and that dismissal is not appealed. Accordingly, we address only the first issue — "stacking."

Mr. Billey argues in his petition that:

> In OK. DOC Policy, OP-060125.II.A.2.b., it specifically states that if the offender is found with several items of contraband, that he would ONLY be charged with one rule violation of possession of contraband, and to list all of the items seized.  In other words, this Petitioner should've, as a matter of due process of law, received just one conviction for possession of contraband, and NOT three.

Petition at 5A, R. Vol. 1 at 9 [emphasis in original].

This reference to the provision contained in the "Department Offender Disciplinary Procedures," OP-060125, II.A.2.b., comes with some editorial license on Mr. Billey's part.  The subsection in question, in effect at the time of these offenses, provides as follows:

> Sequential infractions may be the basis for additional charges and sanctions.  Sequential is defined as the following of one thing after another.  For example, if the offender is found with several items of contraband the offender would be charged with the rule violation of possession of contraband and list all the seized items as evidence. . . .

Okla. Dep't of Corr. Offender Disciplinary Procedures, OP-060125, § II.A.2.b. (2010).

Nothing in that subsection establishes constitutional rights of any kind for prisoners, least of all Federal constitutional immunity from separate prison discipline for all items of contraband possessed at one time, after a charge for the first item. Prison regulations such as the one here are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." Sandin v. Conner, 515 U.S. 472, 481-482 (1995). The loss of earned time credits was, as indicated above and as found by the magistrate judge, imposed following process due according to the requirements of Wolff v. McDonnell, 418 U.S. 539 (1974), and Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454-57 (1985). And, the short period of segregation and demotion to level 1 were not atypical forms of prison discipline. See Sandin, 515 U.S. 484.

To obtain a COA, Mr. Billey must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Based upon our review of the record, we conclude that he has failed to make such a showing.

For the foregoing reasons, we DENY a COA, DENY Mr. Billey's request to proceed on appeal *in forma pauperis*, and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge